# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES HUFF,
#23055,

        Plaintiff,

vs.                                  Case No. 18-cv-1160-MJR

JACQUELINE LASHBROOK,
KIMBERLY BUTLER,
WARDEN PAGE,
SALVADOR GODINEZ,
DONALD STOLWORTHY,
JOHN BALDWIN,
JOHN DOES 1-3, and
JOHN DOE,

        Defendants.

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

This matter is before the Court for case management. On July 24, 2018, the Court reviewed Plaintiff's Complaint pursuant to § 1915A ("Referral Order"). (Doc. 7). The Complaint survived preliminary screening was referred to United States Magistrate Judge Stephen C. Williams. Approximately one hour after the Referral Order was filed, Plaintiff's Motion for Voluntary Dismissal was filed. (Doc. 8). The Motion for Voluntary Dismissal includes two signature dates: July 23, 2018 (a generic signature date) and July 24, 2018 (the date on which Plaintiff states he submitted the document to law library staff for e-filing). Thus, considering the prisoner mailbox rule,[1] it appears that Plaintiff filed the Motion for Voluntary Dismissal on July 24, 2018, likely immediately before the Court filed the Referral Order. In light of these

---

[1] According to the prisoner mailbox rule, a plaintiff's *pro se* pleadings are deemed filed the date they are handed over to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 275-76 (1988).

circumstances, the Court gives Plaintiff the benefit of the earliest date and time and considers the Motion for Voluntary Dismissal as having been filed before the Referral Order.

That being said, the Court acknowledges Plaintiff's request to voluntarily dismiss this action. No Defendant has answered or moved for summary judgment, so Plaintiff may effect a voluntary dismissal without filing a motion and without securing a court order. Pursuant to Rule 41(a)(1)(A)(i), Plaintiff's dismissal notice "effected the immediate dismissal of the suit," and no action remains for the undersigned Judge to take. *Nelson v. Napolitano*, 657 F.3d 586, 587 (7th Cir. 2011); *see also Smith v. Potter*, 513 F.3d 781, 782 (7th Cir. 2008).

Further, in light of the voluntary dismissal, deemed filed before the Referral Order (Doc. 7), the Court hereby **VACATES** the Referral Order.

Since Plaintiff has decided to voluntarily dismiss this action at such an early stage in the litigation, the Court, in its discretion, will not collect the remainder of the filing fee. The Clerk and Finance Department are directed to have the record reflect that the filing fee has been satisfied. No additional fees shall be collected for this case.

This case having been dismissed without prejudice, the Clerk of the Court is **DIRECTED** close the case in the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

The Clerk of the Court is **DIRECTED** to send a copy of this order to the Trust Fund Account Officer at Western Illinois Correctional Center.

**IT IS SO ORDERED.**

**DATED: July 25, 2018**

s/ MICHAEL J. REAGAN
**Chief Judge**
**United States District Court**

2